Per Curiam,
The Act of Assembly gives to the widow or the children of a decedent the right to retain $300 ■out of the decedent’s estate. The Act fixes no age or circumstances which shall deprive the children of a right so to claim. This court, in view of the spirit of the law, has held that an adult child, living ■apart from the father’s family, and not dependent on him for support, is not entitled to claim under the statute. Here the appellee Always lived with her father, the decedent, as a member of his family. She continued with him after she arrived at the age of twenty-one just as she had before. She remained as a child, not as a servant. The language of the Act does not bar her claim. The spirit and purpose thereof, in providing this sum for the family, give it to her. She fills the requirement of the statute.
Decree affirmed and appeal dismissed at the costs of the appellant.
Note. — Judge Hanna, in the later case of Armstrong’s Est., 2 Ches. Co. 476, held that an adult child, being a married woman, living in a house with her husband, separate from her father, whose domicile consisted of two rooms, was ■entitled to the exemption, under the Act of 1851, she being dependent upon her father for her support.
Query: May not adult children take, without regard to dependence, where the family relation exists ? The widow may. The Act does not specify. The •opinion of the supreme court in the above case seems to warrant such construction.